UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES

    -against-

JACK FERRANTI,

        Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
95-CR-119 (RPK)

RACHEL P. KOVNER, United States District Judge:

    Defendant Jack Ferranti moves for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), invoking health risks associated with COVID-19. The government opposes Ferranti's request. For the reasons that follow, Ferranti's motion is denied.

## BACKGROUND

    Three decades ago, Jack Ferranti operated a retail clothing store in Queens, New York. *See United States v. Tocco*, 135 F.3d 116, 120 (2d Cir. 1998). His store was on the ground floor of a three-story building; the upper floors contained residential apartments. One night, Ferranti set fire to the building, hoping to cut losses and collect insurance proceeds. *See id.* at 121. But the fire trapped several tenants inside. As firefighters searched the building to save these people, a firefighter fell to his death from a second-story window. *See ibid.* By the time the fire had subsided, two dozen other firefighters had suffered minor injuries, several residents had suffered smoke inhalation, and the building was destroyed. *See ibid.*

    In the fire's aftermath, Ferranti sought to collect insurance proceeds for the destruction of his store. He also misled investigators, saying that he had been out of town when the fire occurred, and directing an employee to lie about the circumstances surrounding the fire. *See ibid.*

1

In 1995, after a jury trial before the Hon. Jack Weinstein, Ferranti was convicted of arson homicide, arson conspiracy, witness tampering, and 16 counts of mail fraud.  *See* Jury Verdict (Aug. 15, 1995) (Dkt. #223).  Judge Weinstein sentenced Ferranti to 435 months of imprisonment, in addition to supervised release, restitution, and fines.  *See* Judgment (May 2, 1996) (Dkt. #339).

In imposing sentence, Judge Weinstein stated that Ferranti's case presented "every aggravating factor in the book":

> You have a fire set at night, you have a fire set in a residence, it is set in a store but the residence above the store makes this a residence for purposes of danger.  You have the residence occupied, you have the residence known to be occupied by this defendant. . . . And you have, because of the nature of the fire and the surrounding circumstances, a high degree of probability that somebody will be seriously injured or killed.

*See* Sentencing Tr. at 43 (Apr. 23, 1996) (Dkt. #522 Ex. A).  Further, Judge Weinstein explained that he was sentencing Ferranti "for general deterrence": "in the City of New York . . . and with these special conditions arson has to be penalized very severely" because "[a]nybody who wants to set these fires has to know that if they do they will suffer very serious consequences."  *Id.* at 51-52.

Ferranti is currently incarcerated at the Low Security Correctional Institution in Allenwood, Pennsylvania ("FCI Allenwood Low").  *See* Medical Report (Dkt. #521-1 Ex. C).  His projected release date is March 25, 2026.  *See* Gov't's Letter Response at 2 (October 8, 2020) (Dkt. #552).

On July 29, 2020, Ferranti submitted a request for compassionate release to the Bureau of Prisons.  *See* Letter from Jack Ferranti (July 29, 2020) (Dkt. #521-1 Ex. A).  He requested release based on risks from the COVID-19 pandemic, contending that his age (67) and medical condition ("pre-diabetic/borderline") placed him at greater risk were he to contract COVID-19.  *See ibid.*

2

The Warden of FCI Allenwood Low denied the request on August 7, 2020. *See* D.K. White, Inmate Request to Staff Response (Aug. 7, 2020) (Dkt. #521-1 Ex. B).

On September 10, 2020, Ferranti filed a *pro se* application for compassionate release with this Court. *See* Mot. for Compassionate Release (Dkt. #521) ("Ferranti Memo"). Ferranti argues that compassionate release under 18 U.S.C. § 3582(c)(1)(A) is justified because his underlying medical conditions make him vulnerable to COVID-19. *See id.* at 1-2. Specifically, Ferranti writes that he "is 67 years old, has a history of being pre-diabetic, and has hyperlipidemia," *see id.* at 6, and he asserts that he is obese, *see* Ferranti Reply Br. at 18 (Dkt. #524). He also argues that release would be consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a). *See id.* at 21-23. He asks the Court to reduce his sentence to time served, or, in the alternative, to order home confinement for the remainder of his sentence, or until such time as the threat of the virus has abated. *See* Ferranti Memo at 1.

**DISCUSSION**

Ferranti's motion for compassionate release is denied. In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But a district court "may reduce the term of imprisonment" upon "motion of the defendant" under certain circumstances if the court finds that "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *See id.* § 3582(c)(1)(A).

I am skeptical that Ferranti has met the first requirement for compassionate release: demonstrating "that 'extraordinary and compelling reasons' to reduce his sentence exist." *United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2020); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal . . . on a given issue normally has the burden of proof as to that issue."). "[A]n inmate's especially heightened risk of infection and risk

3

of developing severe complications from COVID-19 based on the defendant's specific medical history may constitute 'extraordinary and compelling' reasons to grant compassionate release, often in combination with other factors." *United States v. Gibson*, No. 17-CR-657-1, 2020 WL 7343802, at \*3 (E.D.N.Y. Dec. 14, 2020). To assess whether such reasons are present, judges "have engaged in a fact-intensive inquiry," examining factors such as "the defendant's age, the severity and documented history of the defendant's health conditions, [the] defendant's history of managing those conditions in prison, [and] the proliferation and status of infection and defendant's facilities." *Ibid.* (citing *United States v. Brady*, No. 18-CR-316, 2020 WL 2512100, at \*3 (S.D.N.Y. May 15, 2020)).

It is far from clear that Ferranti clears the high bar of showing "extraordinary and compelling" grounds for release. Ferranti has one accepted risk factor for severe COVID-19: he is 67 years old. A person between the ages of 65 to 74 has a heightened risk of serious illness from COVID-19—though the risk is materially smaller than the risk for those aged 75 and up. *See* CDC, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Feb. 23, 2021). But a number of courts have cast doubt on whether "[a]ge alone" is an "extraordinary and compelling" basis for release in the context of the COVID-19 pandemic. *United States v. Haney*, 454 F. Supp. 3d 316, 323 (S.D.N.Y. 2020) (stating, in the case of a 61-year old inmate, that if "age alone were a sufficient factor to grant compassionate release . . . , it follows that every federal inmate in the country above the age of 60 should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release"); *see United States v. Castillo*, No. 03-CR-979, 2021 WL 268638, at \*4 (S.D.N.Y. Jan. 27, 2021) (63-year old inmate); *United States v. Alvarez,* No. 89-CR-229, 2020 WL

4

4904586, at *3 (E.D.N.Y. Aug. 20, 2020) (55-year old inmate); *cf. United States v. Weingarten*, No. 08-CR-571, 2020 WL 2733965, at *2-3 (E.D.N.Y. May 26, 2020) (70-year old inmate).

Moreover, Ferranti does not have comorbidities that the CDC has identified as increasing the risk of serious illness from COVID-19. While Ferranti represents that he is pre-diabetic and suffers from hyperlipidemia, *see* Ferranti Memo at 6, the CDC has not recognized those conditions as COVID-19 risk factors, *see* CDC, *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 23, 2021). And while Ferranti is overweight, his medical records reflect a body mass index just below the threshold for obesity. *See* BOP Medical Records at 218, 319, 359 (Dkt. #521-1 Ex. M). Obesity is recognized as "increas[ing the] risk of severe illness from COVID-19." CDC, *People With Certain Medical Conditions*. But the CDC has categorized being otherwise overweight as merely a factor that "might" increase such risk. *Ibid.*

The present conditions at FCI Allenwood Low do not aid Ferranti's case. Courts have often considered "the number of confirmed COVID cases at a facility" in assessing an inmate's risk from COVID-19. *United States v. Roney*, 833 F. App'x 850, 855 (2d Cir. Nov. 2, 2020). And at present, the number of confirmed cases at Ferranti's facility is low. The Bureau of Prisons reports that FCI Allenwood Low has only one active COVID-19 case in its population of 988 inmates, and no active cases among the staff. *See* BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Feb. 20, 2021); *see* Gov't's Letter Response at 7. The facility has also begun vaccinating inmates, *see* BOP, *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus (last visited Feb. 20, 2021), and it has had no inmate deaths over the course of the pandemic, *see* BOP, *COVID-19 Cases*. *Cf. United States v. Pruitt-Boyette*, No. 17-CR-159, 2020 WL 7391132, at *2 (W.D.N.Y. Dec. 17, 2020) (concluding that conditions at

5

FCI Allenwood Low did not provide extraordinary or compelling reasons for release); *United States v. Stacharczyk*, No. 15-CR-142, 2020 WL 7391135, at *2 (W.D.N.Y. Dec. 17, 2020) (same).

But even if Ferranti clears the initial hurdle of showing an "extraordinary and compelling" reason for release, his claim fails once the sentencing factors of Section 3553(a) are added into the mix. *Cf. Roney*, 833 F. App'x at 853 (affirming denial of compassionate release without deciding whether defendant had "proffered an extraordinary and compelling reason" for release, because district court's denial of release based on Section 3553(a) factors was not abuse of discretion). Establishing extraordinary and compelling reasons for release is only the first step of the compassionate-release analysis. A district court must also look to the Section 3353(a) factors to "consider[] how early release would impact the aims of the original sentence." *Id.* at 854. The factors set out at Section 3553(a) include "the need . . . to reflect the seriousness of the offense, . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes of the defendant."

Early release would not be consistent with the aims of Ferranti's sentence. Ferranti's crimes were exceptionally serious—arson homicide, arson conspiracy, witness tampering, and mail fraud with "every aggravating factor in the book." *See* Sentencing Tr. at 43. They left one person dead and injured many others. The seriousness of these crimes, and the need to provide just punishment for the offenses, counsel against truncating Ferranti's sentence by approximately five years. *Cf. United States v. Fritts*, No. 17-CR-189, 2020 WL 7348096, at *3 (W.D.N.Y. Dec. 15, 2020) (denying release due to "the particularly appalling circumstances surrounding" the defendant's RICO conviction); *United States v. Blair*, No. 10-CR-6962, 2020 WL 5709181, at *5 (E.D.N.Y. Sept. 24, 2020) (denying release because the nature and circumstances of the defendant's offense were serious).

Similarly, the early release that Ferranti seeks would disserve the deterrence aims that were central to his sentence. *See* Sentencing Tr. at 51-52. While Ferranti contends that he does not pose a danger to the community and will not commit another crime, *see* Ferranti Memo at 18-20, general deterrence—rather than individual deterrence—was Judge Weinstein's focus in imposing the sentence that he did, *see* Sentencing Tr. at 51-52. The importance of that consideration has not diminished with time. *Cf. United States v. Francisco-Ovalle*, No. 18-CR-526, 2021 WL 123366, at *3 (S.D.N.Y. Jan. 13, 2021) (denying release to "serve the interests of general deterrence"); *United States v. Stitsky*, No. 06-CR-357, 2020 WL 7488065, at *3 (S.D.N.Y. Dec. 14, 2020) (denying release where "[g]eneral deterrence [was] a vital consideration in [the] sentence"). Accordingly, even if Ferranti's grounds for release rise to the level of "extraordinary and compelling," Section 3553(a) considerations counsel against truncating Ferranti's prison term. *See United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020); *United States v. Cremer*, No. 12-CR-473, 2021 WL 75126, at *3 (S.D.N.Y. Jan. 8, 2021) (denying release for inmate at FCI Allenwood Low because sentencing factors compelled continued confinement); *United States v. Tranese*, No. 17-CR-559-2, 2021 WL 25371, at *2 (E.D.N.Y. Jan. 4, 2021) (same).

Finally, Ferranti argues that compassionate release is warranted based on legal arguments concerning the validity of his sentence that he has put forward "in his pending [Federal Rule of Civil Procedure] 60(b) motion." Ferranti Memo at 19. Those claims will be adjudicated in the context of the Rule 60(b) motion. But the compassionate release provision in Section 3582(c)(1)(A) "provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. Oct. 4, 2019). Ferranti may not use the compassionate release statute as a generalized "vehicle for claiming legal wrongs" in his conviction or sentence. *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y.

7

2020); *see United States v. Sargent*, No. 20-5508, 2020 WL 6589004, at *2 (6th Cir. Sept. 30, 2020); *United States v. Binday*, No. 12-CR-152, 2020 WL 4017822, at *7 n.6 (S.D.N.Y. July 16, 2020); *United States v. Rivernider*, No. 10-CR-222, 2020 WL 597393, at *4 (D. Conn. Feb. 7, 2020).

## CONCLUSION

The motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

SO ORDERED.

                                             /s/ Rachel Kovner
                                             RACHEL P. KOVNER
                                             United States District Judge

Dated:        February 25, 2021
               Brooklyn, New York