UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,                      **MEMORANDUM AND ORDER**
                                                  95-CR-119 (RPK)

    -against-

JACK FERRANTI,

        Defendant.

-----------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Under Federal Rule of Civil Procedure 60(b), defendant Jack Ferranti brings this motion for reconsideration attacking both his first habeas proceeding and the calculation of his underlying sentence. *See* Mot. for Relief 1 (Dkt. #513) ("Mot. for Reconsideration"). To the extent that this motion attacks the integrity of defendant's initial habeas proceeding, the motion is denied. To the extent that it attacks his underlying sentence, it is beyond the scope of Rule 60(b).

## DISCUSSION

      Defendant was convicted in 1995 and sentenced in 1996. *See* Aug. 15, 1995 Jury Verdict (Dkt. #223); May 2, 1996 Judgment (Dkt. #339). This is defendant's second Rule 60(b) motion. *See* Mot. to Vacate (Dkt. #481), *denied as moot* (Dkt. #491), *construed as a certificate of appealability and denied* (Dkt. #497). To date, defendant has also filed a direct appeal, two habeas petitions in the Second Circuit, a motion for a sentence reduction, a habeas petition in the District of South Carolina, a habeas petition in the Middle District of Pennsylvania, two motions for leave to file successive habeas petitions, and a motion for compassionate release. Letter Resp. 3-7 (Dkt. #517); Mot. for Compassionate Release (Dkt. #521). The Second Circuit has already considered and rejected defendant's challenge to Judge Weinstein's method for calculating his sentence four

1

times—first on direct appeal, *see United States v. Tocco*, 135 F.3d 116, 131-32 (2d Cir. 1998), *cert. denied*, 523 U.S. 1096 (1998), then via habeas, *see Ferranti v. United States*, 6 F. App'x 67, 69 (2d Cir. 2001) (based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000)), *cert. denied*, 534 U.S. 823 (2001), via a successive habeas petition, Mot. (Dkt. #473) (based on *Johnson v. United States*, 576 U.S. 591 (2015)), and finally in his first Rule 60(b) motion, *see* Mot. to Vacate (Dkt. #481) (based on *Barber v. Thomas*, 560 U.S. 130 (2010)).

In this motion, defendant attacks the calculation of his underlying sentence again, as well as the integrity of his first habeas proceeding. Mot. for Reconsideration 7-9; Reply 11 (Dkt. #519).

Defendant's challenge to the integrity of his first habeas proceeding is denied. Defendant argues that the Court should revisit the outcome of that proceeding because his lawyer failed to cite a non-binding Seventh Circuit opinion during the litigation. Reply 11-12; Mot. for Reconsideration 8-9. "Relief from counsel's error is usually sought pursuant to Rule 60(b)(1)." *Webb v. City of New York*, No. 08-CV-5145 (CBA) (JO), 2010 WL 3394537, at *3 (E.D.N.Y. Aug. 23, 2010) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). However, Rule 60(c)(1) bars motions for reconsideration on Rule 60(b)(1) grounds brought more than a year after the challenged judgment has been entered. This one-year limit is "absolute." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (quotations omitted). Since defendant's habeas adjudication occurred decades ago, his challenge to its integrity based on his counsel's alleged error is time barred.

Defendant attempts to escape this bar by arguing that his counsel's alleged error rises to the level of "constructive[] disappear[ance]." Mot. for Reconsideration 9; Reply 13. Courts consider motions for reconsideration based on "constructive disappearance" under Rule 60(b)(6), which has a more flexible timing requirement. *See Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004); Fed. R. Civ. P. 60(c)(1). But "a Rule 60(b)(6) movant must show that his lawyer agreed

2

to prosecute [his] case, abandoned it, and consequently deprived the [movant] of any opportunity to be heard at all." *Ibid.* Defendant is not entitled to relief on the theory that his counsel "failed to raise particular arguments" or to cite a particular case, because "'the failure of an attorney to raise specific issues in a habeas petition does not warrant relief under Rule 60(b)(6).'" *Lombardo v. United States*, No. 11-CR-345 (AMD), 2018 WL 5777017, at *2 (E.D.N.Y. Nov. 1, 2018) (quoting *Abad v. United States*, No. 01-CR-831 (GBD), 2018 WL 2021698, at *2 (S.D.N.Y. Apr. 12, 2018)). Accordingly, counsel's alleged failure to make legal arguments based on a non-binding, out-of-circuit precedent does not entitle defendant to relief under Rule 60(b)(6). Therefore, defendant's motion for reconsideration of his habeas proceeding is denied.

In addition, defendant attempts to attack the calculation of his underlying sentence under Rule 60(b)(1), (4), (5), and (6). *See* Mot for Reconsideration 7-8. Defendant is not entitled to relief on this basis under Rule 60(b). "While Rule 60(b) applies to habeas proceedings, a petitioner cannot use it to avoid the restriction on second or successive habeas corpus petitions." *Gilliam v. United States*, No. 08-CR-742 (AMD), 2019 WL 2301788, at *2 (E.D.N.Y. May 29, 2019) (internal quotations omitted), *appeal dismissed sub nom*. *United States v. Fletcher*, No. 19-1718, 2019 WL 6711765 (2d Cir. Oct. 30, 2019)). To reconcile Rule 60(b) with the limits the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241 *et seq.*, places on second and successive habeas applications, *see id*. § 2244, the Second Circuit has held that a defendant may not use Rule 60(b) to challenge his underlying conviction on the merits. Therefore, "a Rule 60(b) motion that attacks the underlying conviction [of a habeas petitioner] presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to this Court for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying

3

conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82 (emphasis omitted) (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).  Since defendant states that his motion "cannot be construed as a second or successive application under section 2255," Mot. for Reconsideration 1-2,  the Court denies the portion of the motion that attacks the underlying conviction "as beyond the scope of Rule 60(b)," *Harris*, 367 F.3d at 82.

Accordingly, the motion is denied in full.

SO ORDERED.

                                                            /s/  Rachel Kovner
                                                    RACHEL P. KOVNER
                                                    United States District Judge

Dated:        April 25, 2022
                Brooklyn, New York